

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONTERIO TYRONE PINCKNEY, | No. 09-17351 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-00144-FCD-CHS |
| v. | |
| A. K. SCRIBNER; ATTORNEY GENERAL OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Submitted October 4, 2010[**]
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

Monterio Tyrone Pinckney appeals the district court's denial of his habeas

corpus petition under 28 U.S.C. § 2254. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The state trial court's determination that Pinckney's confession was voluntary is neither contrary to, nor an unreasonable application of, Supreme Court precedent. The Supreme Court has made clear that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). To the extent Pinckney was tired, hungry or under the influence, it was on account of his own actions, not those of the officers. He failed to show that the police "exploited this weakness with coercive tactics." *Id.* at 165.

The interview was relatively short for a murder suspect. Pinckney was provided water and soda, along with chips, which he did not eat. The state court credited the officers' testimony that he was not promised anything more; this was not unreasonable. While Pinckney zoned in and out a few times, he was responsive throughout the interview and was not subjected to repeated or prolonged questioning. No Supreme Court precedent renders a confession involuntary in these circumstances.

II

Pinckney's ineffective assistance claim fails for the same reason. It was not unreasonable to forego an argument on direct appeal based on involuntariness of the confession given its lack of merit. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). By the same token, "there is [not] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

AFFIRMED.